# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| ALCINDOR THADEUS ROBERTS, SR | ) | CASE: A18-62752-WLH |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period(s) ending December 31, 2013; December 31, 2014; December 31, 2015 and December 31, 2017. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

3.

The Debtor has failed to provide to the Trustee a copy of the 2017 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

4.

The Debtor's Schedule I fails to accurately reflect a retirement loan, thereby preventing the Chapter 13 Trustee from determining the feasibility of the proposed plan in violation of 11 U.S.C. Section 1325(a)(6).

5.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the non-filing spouse does not have consistent income.

6.

After review of scheduled income and anticipated household expenses, Debtor's proposed budget may fail to provide sufficient funds for ordinary living expenses in possible violation of 11 U.S.C. Section 1325(a)(6).

7.

The Chapter 13 plan proposes to pay $5,000.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

8.

The plan fails to treat Georgia Department of Revenue as secured in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

9.

The plan fails to correctly treat Lakeside Retreat in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 1325(a)(5).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 17th day of September, 2018.

Respectfully submitted,

/s/_____
Ryan J. Williams
Attorney for the Chapter 13 Trustee
State Bar No. 940874

## CERTIFICATE OF SERVICE

Case No:  A18-62752-WLH

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
ALCINDOR THADEUS ROBERTS, SR
1808 PARK LAKE LANE
PEACHTREE, GA  30092

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
SLIPAKOFF & SLOMKA, PC
se@myatllaw.com

This the 17th day of September, 2018.

/s/_____
Ryan J. Williams
Attorney for the Chapter 13 Trustee
State Bar No. 940874
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303